Galina **MIKHALEVA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 03–73445.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Feb. 16, 2006.

**634**

Jonathan D. Montag, Esq., Law Offices of Jonathan D. Montag, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, John M. McAdams, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER and GOODWIN, Circuit Judges, and SEDWICK, District Judge.*

### MEMORANDUM **

Galina Mikhaleva, a native and citizen of Russia, appeals the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, and may reverse the BIA's decision only if the evidence compels a contrary conclusion. *Xiaoguang Gu v. Gonzales,* 429 F.3d 1209, 2005 WL 3216826, at *2 (9th Cir. Dec.1, 2005). Because the BIA's summary opinion relied on the IJ's findings, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Id.* (quoting *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1197 (9th Cir.2000)).

To prevail on her asylum claim under the Immigration and Nationality Act, Mikhaleva must establish that she is a refugee. *Id.* "A 'refugee' is defined as an alien who is unable or unwilling to return to [her] home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " *Id.* (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Mikhaleva must establish a "clear probability" that her "life or freedom would be threatened" upon return because of one of these five protected grounds. *Thomas v. Gonzales,* 409 F.3d 1177, 1182 (9th Cir.2005) (en banc) (citations omitted).

Because the IJ did not make an adverse credibility finding, we accept Galina Mikhaleva's testimony as true. *Id.* at 1181 n. 1. Mikhaleva testified in part that after writing articles about her religious beliefs and women's rights, she was subjected to insults, criticism, and adverse treatment at her places of employment. She further testified that because of her involvement with a Jehovah's Witnesses publication, she lost her job as a freelance correspondent with a general circulation newspaper.

---

* The Honorable John W. Sedwick, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Mikhaleva also alleged that when she attempted to collect her final paycheck, a psychiatrist who wrote for the same newspaper forced her to perform oral sex on him and threatened to have her committed to a psychiatric hospital if she spoke out against him.

■ We conclude that substantial evidence supports the BIA's decision denying asylum because, even accepting Mikhaleva's testimony as true, Mikhaleva failed to demonstrate either past persecution or a well-founded fear of persecution on account of a protected ground. The evidence suggests that Mikhaleva was subjected to discrimination, but not persecution, on account of her religion and membership in Jehovah's Witnesses. "Persecution is an extreme concept, which ordinarily does not include 'discrimination on the basis of race or religion, as morally reprehensible as it may be.'" *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995)). In addition, while sexual assault, including forced oral sex, may constitute persecution, Mikhaleva failed to show that her sexual assault by a colleague was on account of a statutorily protected ground and was committed by the government or a person whom the government is unable or unwilling to control. *Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1088 (9th Cir.2005).

■ Because Mikhaleva failed to prove eligibility for asylum, she necessarily fails to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003); *Fisher*, 79 F.3d at 960–61.

■ Mikhaleva also fails to establish eligibility for relief under CAT because she did not show that if returned to Russia, it is more likely than not that the Russian government would torture her or acquiesce in her torture by third parties. *Ali v. Ashcroft*, 394 F.3d 780, 791 (9th Cir.2005).

**PETITION DENIED.**